IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:13-cv-220-REB-CBS

BRITTANY SCRIBNER, KAMI SWENSON,

    Plaintiffs,

v.

AREIOS WESTERN SLOPE OF COLORADO, LLC; JETT, LLC; and JEFF LATHROP,

    Defendants.

## STIPULATED
## PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

This matter comes before the Court on the parties' Stipulated Motion for Entry of Protective Order. The Court has reviewed that Motion. The parties have stipulated to the entry of a protective order to protect the discovery and dissemination of confidential information. Therefore, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    This Order is entered pursuant to F.R.C.P. 26(c).

    3.    "Confidential Information" means any document (as that term is defined for purposes of F.R.C.P. 34(a), and including any non-identical draft or copy as a separate

document), hard or electronic files or any portion(s) thereof in any format, transcribed testimony, or responses to any discovery request made under the Federal Rules of Civil Procedure, including any extract, abstract, chart, summary, note, or copy, which is designated by the parties, in the manner provided in paragraph 4 below as containing confidential or proprietary information, including without limitation, trade secrets or other confidential research or development, other private or confidential identifying information about other employees, and Plaintiffs' medical, financial, and tax records. Confidential Information shall not include any matter that is already available outside of the present case, through lawful means, to the general public. This Protective Order shall apply to all Confidential Information.

4. Where Confidential Information is produced, provided or otherwise disclosed by the parties, either pursuant to F.R.C.P. 26(a) and (e) or in response to any discovery request made under the Federal Rules of Civil Procedure, it will be designated as confidential by the disclosing party as follows:

    a. imprinting the word "Confidential" on the first page or cover of any document produced, or on each page thereof;

    b. imprinting the word "Confidential" next to or above any response to a discovery request; or

    c. with respect to transcribed testimony, by giving notice at the time testimony is given designating portions thereof as "Confidential." If such notice is provided after testimony is given, such transcribed testimony will be deemed Confidential Information under this Order only from and after the date such notice is given.

5. Confidential Information shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever. Confidential Information shall not be communicated or disclosed to any person in any manner, either directly or indirectly, except for purposes of this case, and then only to the following persons:

    a. Party Attorneys: meaning Plaintiffs' attorneys, Joseph Azbell and Erik Groves, and Areios's attorneys, Hoskin Farina & Kampf, P.C. ;

    b. persons regularly employed or associated with a party's attorneys on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

    c. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings;

    e. the Court and its employees ("Court Personnel");

    f. deponents; and

    g. other persons by written agreement of the parties.

6. Confidential Information shall not be communicated or disclosed to any person, other those described above, without the consent of the disclosing party or further Order of the Court. In addition, prior to communicating or disclosing any Confidential Information to any person, other than those listed in paragraph 4(a), (b), and (c), the parties shall provide such person with a copy of this Protective Order and obtain from such person a written

acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court upon good cause shown.

7. A party may object to the designation of Confidential Information by giving written notice to the party asserting the designation of Confidential Information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the objecting party's obligation to file a motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Any disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party seeking to designate material or information either as Confidential Information shall bear the burden of establishing the propriety of the designation.

8. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use except if it has been admitted into evidence without a protective order. However, Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, except by further Court order issued upon motion of the party seeking to file "under seal." Counsel for the parties shall timely seek such protections whenever Confidential Information is filed with the Court or is used in, quoted, or attached to briefs, motions, or other pleadings or papers filed with the Court.

9. At the conclusion of this case, unless other arrangements are agreed upon, all Confidential Information shall be either destroyed or returned to disclosing party; provided, however, that the other party's attorneys may retain one copy of the Confidential Information for the sole purpose of maintaining a complete file. Where a party, acting through its attorneys, destroys Confidential Information, that party shall provide the other party with an affidavit confirming the means and date of destruction.

10. The termination of this action shall not relieve the parties, counsel or other persons obligated hereunder from their responsibility to maintain Confidential Information in conformity with this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard. Nothing in this Protective Order shall preclude any Party or third-party from filing a motion seeking further or different protection from the Court under F.R.C.P. 26(c), or from filing a motion seeking to modify the manner in which Confidential Information shall be treated at trial.

ORDERED this 11th day of July, 2013.

BY THE COURT:

~~District Court~~ Judge
United States Magistrate
Gordon P. Gallagher