**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

U.S. MAGISTRATE JUDGE GORDON P. GALLAGHER

Civil Action No. 1:13-cv-220-REB-CBS

BRITTANY SCRIBNER, KAMI SWENSON,

    Plaintiffs,

v.

AREIOS WESTERN SLOPE OF COLORADO, LLC; JETT, LLC; and JEFF LATHROP.

    Defendants.

_____

**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL DISCOVERY (document # 39) and**

**DEFENDANTS' RESPONSE AND CROSS MOTION FOR PROTECTIVE ORDER (document # 42)**
_____

    Before the Court are three pleadings, Plaintiffs' motion to compel discovery (document #39), Defendants' response and cross motion for protective order (document # 42) and Plaintiffs' reply (document # 43). The matters have been referred to this Court for adjudication. The motions are fully briefed and, at this time, oral argument would not assist the Court in its adjudication.

Based on the entirety of the record, Plaintiffs' motion to compel is **DENIED** without prejudice.

Based on the entirety of the record, Defendants' cross motion is **DENIED** without prejudice.

This matter stems from a deposition dispute. On August 15, 2013, Mr. Jim Cagle was deposed for approximately six hours and forty minutes (less any breaks). While not specifically stated, it appears that Mr. Cagle was the representative of Areios. The scheduling order indicates that a four hour deposition of Areios representative was to occur. During the course of the deposition, Mr. Cagle was advised by his Counsel not to answer a number of specific questions. Mr. Cagle complied with that advice. Plaintiffs' Counsel believes that advice to have been in error as well as in violation of the rules, thus the current controversy.

Following the aforementioned deposition, Counsel for both sides exchanged a flurry of emails discussing the matter, proposing and opposing various legal theories as to why certain questions should or should not have been answered and in general arguing over the dispute at hand. Those emails were appended to document # 42.

Among those emails are two from August 19, 2013. The first of these was sent by Defense Counsel Eret at 4:14 p.m. In this email, Ms. Eret outlines her position on the controversy, provides some case law and concludes with the statement "Maybe we will have a better idea of what is at issue once we have received the deposition transcript."

This email is replied to some twelve minutes later, at 4:26 p.m., by Plaintiffs' Counsel Joseph Azbell. Mr. Azbell stated "I appreciate your response. As you've suggested, I believe that it would be more fruitful to revisit this conversation after we receive a copy of the transcript. We will confer with you after we get a chance to review the deposition."

The next email with which the Court has been provided is dated September 24, 2013 at 11:13 a.m. That email states:

> Tammy;
>
> We have reviewed the deposition transcript of Jim Cagle. Your instruction to Mr. Cagle to not answer questions posed to him was a clear violation of F.R.C.P. 30(c)(2) and D.C.Colo.LCivR 30.3(a)(3). Unless we hear from you that you are willing to reopen the deposition at you or your client's expense and pose the proffered questions, we will be filing a motion to compel with the Court. I will be contacting the Magistrates office to set up the initial conference with the Magistrate on the issue. If you position has changed from our prior discussions, please let me know right away so we can avoid filing the motion.
>
> Regards,
>
> Erik Groves

A bit less than an hour later, Plaintiffs' motion, document 39, was filed by way of CM/ECF/ The receipt indicates filing occurred on September 24, 2013 at 12:07 p.m.

The Local Rules of Practice of the United States District Court for the District of Colorado specifically address the requirement and duty to confer prior to filing of a motion. D.C.COLO.LCivR 7.1A. The rule states:

> **A. Duty to Confer.** . The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule. This Section A. shall not apply to cases involving pro se prisoners.

The present case is a bit of an unusual spin on the issue of conference. The parties, following the disputed deposition, engaged in some conferral; to wit numerous emails and perhaps telephone calls. In fact, during the course of the deposition itself there was some argument over whether the questioning was appropriate, although that can hardly be considered conferral any more than an objection and response during trial or hearing is conferral. The crux of the matter really comes down to the effect of the September 24, 2013 emails.

The clear and stated intent of the parties, as of August 19, 2013, was to confer when the deposition transcript became available. It is unclear precisely when the deposition transcript became available, particularly since the copy provided to the Court as an attachment to document #42 is not dated, however that fact is likely immaterial. Plaintiff states in the reply, document #43, that the transcript was provided approximately two weeks prior to the filing of the motion. The Court has been provided no information that any conferral occurred between August 19, 2013 and September 24, 2013.

The Court is not determining whether sufficient conferral occurred prior to August 19, 2013 as the Court believes that the parties' statements on August 19, 2013 are controlling. The parties themselves agreed that additional conferral was appropriate and that they would so confer once the transcript arrived. Both parties had a right to rely on the agreement to further confer prior to further action being taken. The email sent less than an hour prior to filing the motion absolutely does not meet either the letter or spirit of D.C.COLO.LCivR 7.1A.

Plaintiff essentially argues, in the reply (document #43), that further conferral would have been unfruitful. That is not the standard. In many cases, counsel may believe that conferral is a

4

waste of time. Sometimes they may be right and sometimes wrong. Rule 7.1 A does not allow counsel to pick and choose whether to confer when they think it likely to be of use and to decline when it seems hopeless. Rule 7.1 A requires conferral. In this matter the parties agreed that conferral needed to occur after the receipt of the transcript. The passage of time after receipt of the transcript, supposedly two weeks, has no bearing on this issue.

On a side note, the Court's Clerk received a call from Plaintiff requesting to set a telephone conference to informally discuss this matter. The Court believes that this call may have been received on September 24, 2013 but is unsure of that date. The Court prefers to deal with such issues as rapidly as possible, by way of a telephone call with all parties and the Court being present on a conference call. In this circumstance, the preferred method of accomplishing such a call would have been during the deposition itself. Conceivably, that could have resolved the entirety of the issue while both deponent and transcriptionist were still present. When the call came in, the matter was raised at that point as a privilege issue which would have most likely required briefing and the caller was instructed to file a motion. Such an instruction does not abrogate any duty under Rule 7.1 A.

D.C.COLO.LCivR 7.1A. states that the Court will not consider a motion until conferral has occurred. Conferral has not occurred in this matter. For the foregoing reasons, the Court DENIES the motion to compel discovery (document #39) without prejudice. Should the parties confer and be unable to reach a resolution, any additional motion on this discrete subject is to be re-filed within 10 days of the issuance of this Order.

Defendants' response includes a cross motion for a protective order. D.C.COLO.LCivR 7.1 C requires that "a motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." Defendants' cross motion is not in compliance with said rule. Some of the same issues regarding conferral exist with regard to this motion as with regard to Plaintiffs' motion, although perhaps to a lesser extent due to the posture under which it was filed.

For the foregoing reasons, the Court DENIES the cross motion for a protective order (document #42) without prejudice. Should the parties confer and be unable to reach a resolution, any additional motion on this discrete subject is to be re-filed within 10 days of the issuance of this Order.

The Court reserves ruling on the issue of costs and attorney's fees under F.R.C.P. 37(a)(5)(A).

Dated this _15th_day of _October_, 2013.

BY THE COURT:

\_\_\_s/ Gordon P. Gallagher\_\_\_
United States Magistrate Judge